PETER K. SHEPHERD, APPELLANT, *v.* THE McCALMONT OIL COMPANY AND OTHERS, RESPONDENTS.

*License to bore for oil — when it does not give a title to the oil under the land — what is essential to a title in petroleum oil — when an owner in possession of land need not formally re-enter to enforce a forfeiture of a license — when a conveyance of the land is sufficient evidence of his intention to enforce it.*

January 25, 1865, one Newton, who then owned a tract of land, and one West-brook made a written agreement, which was sealed, acknowledged and recorded, by which Newton granted and conveyed to Westbrook, his heirs, executors, administrators and assigns the exclusive right of entering in or upon any part of the said lands, and the right of erecting buildings, structures, engines and fixtures upon the same, and the right of way to and from the same for the purpose of searching for minerals, and to mine, bore or excavate for carbon or rock, or petroleum oil, or any other valuable volatile or mineral substance, and to gather and preserve the same, but not to have possession of the land for any other purpose, Newton to have the right to freely use and employ all land not actually necessary for mining purposes.   Westbrook agreed to
• deliver to the party of the first part one-tenth of all oil or other valuable volatile or mineral substance pumped and gathered by them on the premises; to commence boring or excavating for oil or other valuable substances within one year, or as early as practicable thereafter as he might deem expedient, or forfeit all rights under and by virtue of the agreement.
The plaintiff herein, who had succeeded to the rights of Westbrook, claimed that this agreement was in effect a deed of all the oil underlying the lands mentioned; that the oil was a corporeal hereditament, the title in fee to which passed to Westbrook, and that no forfeiture thereof could be worked by the act of the grantor, or by abandonment or non-user on the part of the grantee.
*Held,* that the instrument amounted only to a license to Westbrook and his assignees to enter upon the land for the purposes of oil operations, and to obtain the oil as taken therefrom by their operations and during their occupancy.
*It seems,* that there cannot be any property in rock or mineral oil, nor can the title thereto be divested or acquired, until it has been taken from the earth. (Per SMITH, P. J.)
It appeared in this case that Newton and his grantees had continued in the undisturbed possession of the premises, and that neither Westbrook nor his assignees had entered upon the premises, or exercised, or attempted to exercise, any of the rights secured to them by the agreement, except in 1881 to bring and put upon the premises a load of lumber which was removed therefrom by the defendant.
*Held,* that it was not necessary for Newton or his grantees to re-enter or give any

notice of an intention to enforce the forfeiture occasioned by the neglect of the lessees to commence operations within the time limited.

*Allegany Oil Company* v. *Bradford Oil Company* (86 N. Y., 638; affirming S. C.,. 21 Hun, 26), followed.

That the execution by Newton, after the expiration of the time limited, of a warranty deed conveying the lands to a stranger free from all reservations and containing no reference to the agreement, was a sufficient declaration of his. intention to enforce the forfeiture, if any overt act or notice was required.

APPEAL from a judgment in favor of the defendants, entered on the decision of the court at Special Term.

*D. H. Bolles*, for the appellant.

*C. S. Cary*, for the respondents.

SMITH, P. J.:

This is an action brought to obtain a construction of an instrument conveying the right to enter upon land and bore for oil thereon; to establish the rights of the plaintiff in and under such instrument, and to forever restrain and preclude the defendants from operating on the said land or using the same for oil purposes. or preventing the plaintiff from using the same for such purposes.

On the 25th of January, 1865, one Hollis P. Newton, being then the owner in fee of a tract of land in Allegany county, as party of the first part, and one George W. Westbrook, as party of the second part, made and entered into a contract, sealed, acknowledged and recorded, in which the said party of the first part, for and in consideration of the covenants and agreements thereinafter contained on the part of the said party of the second part, and of one dollar in hand paid to the said party of the first part, granted and conveyed to the said party of the second part, his heirs, executors,. administrators and assigns, the exclusive right of entering in and. upon any part of said lands, and the right of erecting buildings, structures, engines and fixtures upon the same, and the right of way to and from the same for the purpose of searching for minerals; and to mine, bore or excavate for carbon, or rock, or petroleum oil, or any other valuable volatile or mineral substance, and to gather and preserve the same, and to carry on such mining, boring and excavating to any extent which he might deem advisable (but not to hold possession of any part of said land for any other purpose.

whatever). The said instrument further provided that "in consideration of the above agreement from the party of the first part, the party of the second part agrees to render and deliver to the party of the first part the one-tenth part of all the oil or other valuable volatile or mineral substance pumped and gathered by them on said premises, in its crude state, to be delivered at the wells. The party of the second part further agrees to commence boring or excavating for oil or other valuable substances, within one year or as early as practicable thereafter as they may deem expedient, or forfeit all rights under and by virtue of this agreement. The said party of the first part, is to freely use and employ the said premises for the purpose of tillage, except that part which shall be actually necessary for said mining purposes and business aforesaid." On 16th September, 1865, said Westbrook duly assigned the said contract to the plaintiff herein. On 27th February, 1867, said Newton, by warranty deed, conveyed the said land mentioned in said contract to Milton Reed and John C. Reed. Said deed contained no reservation of or reference to said contract or to any rights of said Westbrook or the plaintiff, his assignee, thereunder, but was an absolute conveyance of the fee of the whole of said premises. On 11th June, 1881, said Reed conveyed the said premises to one Miner and others, and on 18th October, 1881, said Miner and others contracted to convey the same to the corporation defendant herein, which thereupon entered upon the land and has since been and now is in possession thereof. Neither said Westbrook nor the plaintiff herein ever entered upon the said premises or took any steps to exercise the rights secured by said contract or made any claim of right thereunder until after said conveyance from Reed to Miner, and in September, 1881, when plaintiff caused a load of lumber to be drawn on the ground about the time the defendant took possession. The defendant removed the lumber from the land and commenced to develop the property. This suit was commenced December 1, 1881, and was the first and only act on the part of the plaintiff or his assignor, Westbrook, except as aforesaid, indicating that he or they made any claim to the possession of said premises or that he or they intended ever to exercise the rights mentioned in said Newton contract. Said Newton, the original owner of the land, and his said grantees and the persons claiming under and through him, including the defendant,

remained in the actual and continual possession and occupancy of the said premises, at all times subsequent to the date of said contract from Newton to Westbrook. Upon these facts the court below found for the defendant, dismissing the complaint on the merits; and this appeal is from the judgment entered accordingly.

It is contended on behalf of the appellant that the contract in question is, in effect, a deed of all the oil underlying the land mentioned; that the oil is a corporeal hereditament, and that the title thereto in fee passed to him; that, therefore, no forfeiture can be worked by the act of the grantor or by abandonment or non-user on the part of the grantee; that plaintiff's estate under the instrument, his title to the oil and his right to mine for and appropriate it, can only be divested under some provision of the instrument itself; and that the forfeiture clause, under which operations were to be commenced " within one year or as soon thereafter as practicable," is a condition subsequent and could still be performed by Westbrook or his assignees, and that there had been no breach of the condition.

We are of the opinion, however, that the instrument in question amounts only to a license to Westbrook and his assignees to enter upon the land for the purposes of oil operations and to obtain the oil as taken therefrom by their operations and during their occupancy. We do not understand that there can be any property in rock or mineral oil, or that title thereto can be divested or acquired until it has been taken from the earth. (*Funk* v. *Haldeman*, 53 Penn. St., 229; *Dark et al.* v. *Johnston et al.*, 55 id., 164.)

The remainder of the plaintiff's argument in regard to the rights created by the instrument in suit, rests upon his unfounded premise that that instrument is a grant of the oil underlying the land as an independent corporeal hereditament. This, as well as his contention in reference to the construction of the forfeiture clause, is answered by the opinion of Mr. Justice HAIGHT, delivered at Special Term, in which we concur. The decision referred to in that opinion, to the effect that the owner of the fee being in possession is not required to enter upon himself in order to work a forfeiture of the rights of the grantee under such an instrument as that under consideration, is found in the case of *Allegany Oil Company* v. *Bradford Oil Company* (21 Hun, 26; affirmed, 86 N. Y., 638). The same case is authority for the position that the

execution of the deed by Newton to Reed was a sufficient declaration of his intention to enforce the forfeiture, if any overt act or notice was required.

We think the judgment should be affirmed, with costs.

BARKER and BRADLEY, JJ., concurred.

Judgment affirmed, with costs.